**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **BRYON LEFORT**, individually and on behalf of all other members of the general public similarly situated, | : <br> : <br> : <br> : <br> : Civil Action No. 2:20-cv-1792 <br> : <br> : Judge <br> : <br> : Magistrate Judge <br> : <br> : **JURY DEMAND ENDORSED HEREON** |
| Plaintiff, | |
| v. | |
| **GULFPORT ENERGY CORPORATION**, <br> c/o Corporation Service Company <br> 50 West Broad Street <br> Suite 1330 <br> Columbus, OH 43215 | |
| Defendant. | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**I.     PRELIMINARY STATEMENT**

Bryon Lefort ("Plaintiff" or "Lefort") brings this action individually and on behalf of all current and former employees (hereinafter "Plaintiffs and the Putative Class Members") to recover unpaid overtime wages and other damages from Gulfport Energy Corporation ("Defendant" or "Gulfport") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, pursuant to Ohio's Minimum Fair Wage Standards Act ("the Ohio Wage Act"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as the "Ohio Acts").

Plaintiff and the other workers like him regularly worked for Defendant in excess of 40 hours each week. However, the workers never received overtime compensation for hours worked in excess of 40 hours in a single workweek. Instead of paying overtime as required by the FLSA

and the Ohio Acts, Defendant improperly classified Plaintiff and those similarly situated as independent contractors and paid them a daily rate with no overtime compensation. This collective and class action seeks to recover the unpaid overtime wages and other damages owed to these workers.

Plaintiff's FLSA claim is asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as class actions under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## II.   JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq*.

2. This Court has supplemental jurisdiction over the Ohio Acts claims pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendant Gulfport because the cause of action arose within this District as a result of Gulfport's conduct within this District and because Gulfport does business within this District.

4. Venue is proper in this this District pursuant to 28 U.S.C. § 1391.

5. Venue is proper in the Southern District of Ohio because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

6. Specifically, Gulfport has maintained a working presence throughout this District and Division.

## III.  THE PARTIES

7. Plaintiff Bryon Lefort worked for Defendant as a "Lease Operator", also known as a well tender, from approximately September 2014 to February 2020. Throughout his employment with Defendant, he was paid a day-rate with no overtime compensation and was misclassified as an independent contractor. Plaintiff Lefort did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

8. Plaintiff brings this action on behalf of himself and all other similarly situated workers who were misclassified as independent contractors and paid by Defendant's day-rate system. Defendant paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA and the Ohio Acts. The class of similarly situated employees or potential class members sought to be certified is defined as follows:

> **All Ohio current and former oilfield workers employed by Defendant who were classified as independent contractors and paid a day-rate instead of time and one-half for hours worked in excess of forty (40) hours in a workweek during the three (3) years preceding the fate of the filing of this Action to the present.**

9. Defendant Gulfport is a foreign license/for-profit corporation, doing business in Ohio, and may be served through its registered agent for service of process: Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, OH 43215. In order to provide services to many of its customers, Gulfport contracts with certain companies to provide it with personnel to perform the necessary work. Plaintiff worked for Gulfport through its contract with "Icon Energy Services" and then "Platinum Energy Partners."

---

[1] The written consent of Plaintiff Lefort is attached hereto as Exhibit "A."

10. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

14. As will be shown through this litigation, Defendant treated Plaintiff (and indeed all of its workers that it classified as independent contractors and paid a daily rate to without overtime compensation) as employees and uniformly dictated the pay practices Plaintiff and its other workers were subjected to.

15. Defendant's misclassification of Plaintiff and the Putative Class Members as independent contractors does not alter their status as employers for purposes of this FLSA collective action or Rule 23 class action under the Ohio Acts.

**IV.     FACTS**

16.     Gulfport is an Oklahoma City-based oil and natural gas exploration and production company operating worldwide and throughout the United Stated, including Ohio. In order to provide services to many of its customers, Gulfport contracts with certain companies, such as "Icon Energy Services" and then "Platinum Energy Partners", to provide Gulfport with personnel to perform the necessary work.

17.     Many of these individuals worked for Defendant on a day-rate basis, were misclassified as independent contractors, and make up the proposed Putative Class. While exact job titles and job duties may differ, these "employees" are subjected to the same or similar illegal pay practices for similar work. Specifically, Defendant misclassified all of these workers as independent contractors and paid them a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

18.     For example, Plaintiff Bryon Lefort worked for Defendant as a "Lease Operator", also known as a well tender, from approximately September 2014 to February 2020. Throughout his employment with Defendant, he was misclassified as an independent contractor and paid on a day-rate basis.

19.     In this capacity, Plaintiff's primary job duties included performing daily inspections of assigned oil and gas leases, gauges and reports daily production of oil and water in storage tanks, monitors daily plunger runs on plunger wells, and provides monitoring and maintenance on the drilling pads among other duties and responsibilities as assigned by management.

20.     The work Plaintiff and the Putative Class Members performed was an essential part of Defendant's core business. For example, Plaintiff and other Putative Class Members were the night shift workers and they performed the exact same work as Defendant's hourly, day shift employees who were/are not misclassified as "independent contractors."

21.     Defendant Gulfport has previously been sued for misclassifying other employees as "independent contractors" and failing to pay those employees time and a half for all hours worked in excess of 40 hours per week.[2] In the *Slone* Case, employees were also sent to Defendant Gulfport via one or more other companies, like Icon and Platinum, Gulfport contracted with to provide personnel to perform necessary work. The *Slone* Case was settled, and Plaintiff did not join the FLSA collective or settlement. Instead of changing its practice, Defendant Gulfport continued this practice of misclassification and failing to pay overtime for other employees, including Plaintiff and the Putative Class Members.

22.     During Plaintiff's employment with Defendant while he was misclassified as an independent contractor, Defendant exercised control over all aspects of his job. Defendant determined Plaintiff's opportunity for profit and loss. Plaintiff was not required to possess any unique or specialized skillset (other than that maintained by all other workers in his respective position) to perform his job duties. Plaintiff worked exclusively for Defendant from approximately September 2014 to February 2020.

23.     Defendant controlled all of the significant or meaningful aspects of the job duties performed by Plaintiff.

24.     Defendant ordered the hours and locations Plaintiff worked and rates of pay received. In general, Plaintiff was scheduled and required to work fourteen (14) days on from

---

[2] *Slone v. Gulfport Energy Corporation*, W.D. OK Case No. 5:16-cv-1296 (the "*Slone* Case"), ECF No. 1 attached hereto as **Exhibit B**.

6:00 p.m. until 6:00 a.m. each day and then fourteen (14) days off. However, Plaintiff was also required to work beyond the scheduled end of his shift, up to 24 hours in a row; pick up shifts from day shift employees; and work additional time or days outside of his general scheduled shift. Plaintiff was not permitted to be late at the start of his shift, nor was Plaintiff allowed to leave early before his shift ended.

25. Plaintiff and the Putative Class Members worked at Defendant Gulfport's drilling pad locations, performing work that was directed and over supervised by Defendant.

26. Defendant specified what equipment and protective clothing was required for Plaintiff to have and use to perform his job duties. Defendant provided the large capital investments such as leasing the land, the drilling pads, and the heavy machines.

27. Plaintiff did not incur operating expenses such as leasing the land, payroll, and marketing.

28. Plaintiff was economically dependent on Defendant during his employment, which lasted more than five (5) years.

29. Defendant set Plaintiff's rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working on jobs for Defendant.

30. Defendant directly determined Plaintiff's opportunity for profit and loss. Plaintiff's earning opportunity was based on the number of days Defendant scheduled him to work.

31. Very little skill, training, or initiative was required of Plaintiff (other than the skills, training, and initiative required of all other similarly situation workers).

32. The daily and weekly activities of Plaintiff and the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by

Defendant. Virtually every job function was pre-determined by Defendant. In fact, Plaintiff and the Putative Class Members performed the exact same job functions and duties as the hourly employees of Defendant, on the same drill pads, and even filled in for these hourly employees during the day shift if the hourly employees were unable to work that day.

33. Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, the job functions of Plaintiff and the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or advanced degree. Plaintiff and the Putative Class Members did not have any supervisory or management duties. Finally, for the purposes of an FLSA overtime claim, Plaintiff and the Putative Class Members performed substantially similar job duties related to servicing energy operations in the field.

34. Plaintiff was not employed by Defendant on a project-by-project basis. In fact, while Plaintiff was misclassified as an "independent contractor," he was regularly on call for Defendant and was expected to drop everything and work whenever needed. For example, if Defendant needed Plaintiff to work longer his scheduled shift, he was required to do so; if Defendant needed Plaintiff to stay additional days beyond the fourteen (14) scheduled days, he was required to do so; and if Defendant needed Plaintiff to fill in for Defendant's hourly employees, Plaintiff was required to do so.

35. Plaintiff and the Putative Class Members performed the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

36. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice. The Putative Class Members all worked in excess of

40 hours each week and were often scheduled for 12-hour shifts, 7 days a week, for at least 2 weeks at a time. Instead of paying them overtime, Defendant paid Plaintiff and the Putative Class Members a day-rate and misclassified them as "independent contractors". Defendant denied Plaintiff and the Putative Class Members overtime pay for any and all hours worked in excess of 40 hours in each and every workweek.

37.  Defendant's policy of failing to pay its so-called "independent contractors," including Plaintiff and the Putative Class Members, overtime violates the FLSA because these workers are, for all legal purposes, employees performing non-exempt job duties.

38.  It is undisputed that the so-called independent contractors are operating and monitoring oilfield machinery, performing manual labor, and working long hours out in the field.

39.  Because Plaintiff and the Putative Class Members were misclassified as independent contractors by Defendant, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

40.  Defendant's day-rate system violates the FLSA and the Ohio Acts because Plaintiff and those similarly situated did not receive any overtime pay for hours worked over 40 hours each week.

41.  In addition to paying Plaintiff on a day-rate basis with no overtime pay, Defendant wholly failed to pay Plaintiff and other similarly situated employees any wages for hours worked beginning in December of 2019 to February of 2020.

## **COLLECTIVE ACTION ALLEGATIONS**

42.  Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

43. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> **All Ohio current and former oilfield workers employed by Defendant who were classified as independent contractors and paid a day-rate instead of time and one-half for hours worked in excess of forty (40) hours in a workweek during the three (3) years preceding the fate of the filing of this Action to the present (the "FLSA Collective" or "FLSA Collective Members").**

44. As set forth herein, Defendant has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing the FLSA Collective Members in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half times the regular rates of pay for which they were employed.

45. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the FLSA Collective Members overtime compensation. Defendant's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

46. Accordingly, Plaintiff and the FLSA Collective Members are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their regular rate of pay, plus liquidated damages, attorney's fees and costs.

47. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly

situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

48. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

49. Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other current or former persons employed by Defendant within the last two years defined as:

> **All Ohio current and former oilfield workers employed by Defendant who were classified as independent contractors and paid a day-rate instead of time and one-half for hours worked in excess of forty (40) hours in a workweek during the two (2) years preceding the fate of the filing of this Action to the present (the "Ohio Class" or "Ohio Class Members").**

50. The Ohio Class is so numerous that joinder of all class members is impracticable.

51. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." See O.R.C. § 4111.03(A); see also 29 U.S.C. § 207(a)(1).

52. As an employee for Defendant, Plaintiff and the Ohio Class worked in excess of the maximum weekly hours permitted under O.R.C. §4111.03 but were not paid overtime wages at one and one half times their regular rate of pay.

53. There are questions of law or fact common to the Ohio Class including: whether Defendant employed Plaintiff and the Ohio Class Members within the meaning of the Ohio Acts; whether Plaintiff and the Ohio Class Members were improperly misclassified as independent contractors; and whether Defendant's illegal pay practices were applied uniformly.

54. The OPPA requires that the Defendant pay Plaintiff and the Ohio Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. See O.R.C. § 4113.15(A).

55. During all times material to this complaint, Plaintiff and the Ohio Class were not paid wages, either their regular rates, a minimum wage or overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. See O.R.C. §4113.15(B).

56. Plaintiff and the Ohio Class's unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

57. Plaintiff will adequately protect the interests of the Ohio Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class Members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class Members in this case.

58. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class Members, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

59. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**V.  CAUSES OF ACTION**

**COUNT ONE**
**(FLSA Overtime Violations)**

60. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

61. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the FLSA Collective Members who may join this case pursuant to 29 U.S.C. § 216(b).

62. The FLSA requires that hourly and other non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate." 29 U.S.C. § 207(a)(1).

63. Plaintiff and the FLSA Collective Members should have been paid overtime compensation at the rate of one and one-half times their "regular rate" for all hours worked in excess of 40 hours per workweek.

64. Defendant misclassified Plaintiff and the FLSA Collective Members as "independent contractors" and failed to pay any overtime compensation to them.

65. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

66. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT TWO**
**(FLSA Minimum Wage Violations)**

67. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

68. Plaintiff brings this claim for violation of the FLSA's minimum wage provisions on behalf of himself and the FLSA Collective Members who may join this case pursuant to 29 U.S.C. § 216(b).

69. The FLSA requires that hourly and other non-exempt employees receive wages of at least minimum wage. However, Plaintiff and the FLSA Collective Members did not receive any wages for work performed beginning in December 2019.

70. Plaintiff and the FLSA Collective Members should have been paid compensation for their labor, but they were not.

71. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

72. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective Members were injured in that they did not receive any compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid minimum wages" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT THREE
### (Ohio Overtime Violations)

73. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

74. Defendant's practice of not misclassifying Plaintiff and the Ohio Class Members as "independent contractors" and failing to pay any overtime compensation to them violates the Ohio Wage Act.

75. As a result of Defendant's practices, Plaintiff and other similarly situated Ohio Class employees have been damaged in that they have not received overtime wages due to them pursuant to the Ohio Wage Act.

## COUNT FOUR
### (Ohio Minimum Wage Violations)

76. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

77. Defendant's failure to compensate Plaintiff and the Ohio Class Members violates the Ohio Wage Act inasmuch as they have not been compensated any wages for their labor.

78. As a result of Defendant's practices, Plaintiff and other similarly situated Ohio Class employees have been damaged in that they have not received wages due to them pursuant to the Ohio Wage Act.

## COUNT FIVE
### (OPPA Violations)

79. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

80. Plaintiff and the Ohio Class Members have been employed by Defendant.

81. During relevant times, Defendant was an entity covered by the OPPA and Plaintiff and the Ohio Class Members have been employed by Defendant within the meaning of the OPPA.

82. The OPPA requires that the Defendant pay Plaintiff's and the Rule 23 Class Members' all wages, including unpaid overtime, on or before the first day of each month, for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

83. During relevant times, Plaintiff and the Ohio Class Members were not paid all wages, including but not limited to minimum wages and overtime wages at one and one-half times their regular rates of pay, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

84. Plaintiff's and the Ohio Class Members' unpaid wages and unpaid overtime remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

85. In violating the OPPA, Defendant acted willfully, jointly, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT SIX
### (Quantum Meruit)

86. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

87. Plaintiff and the Ohio Class Members rendered employment services to Defendant.

88. Defendant received the benefits of the employment services provided by Plaintiff and the Ohio Class Members.

89. Defendant's retention of those services without providing compensation in exchange would be unjust.

90. Defendant has thereby been unjustly enriched and Plaintiff and the Ohio Class Members have been damaged.

91. The payment requested by Plaintiff and the Ohio Class Members for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality where the services were rendered.

92. Plaintiff and the Ohio Class Members are entitled to damages equal to all unpaid regular and overtime compensation earned within the six (6) years preceding the filing of this Complaint plus periods of equitable tolling.

93. Plaintiff and the Ohio Class Members are entitled to an award of pre-judgment and post-judgment interest.

## COUNT SEVEN
## (Unjust Enrichment)

94. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

95. Plaintiff and the Ohio Class Members rendered employment services to Defendant and thereby conferred benefits on it.

96. Defendant accepted and retained the benefits in circumstances that render such retention inequitable without payment of the value of the benefits.

97. Defendant has thereby been unjustly enriched and Plaintiff and the Ohio Class Members have been damaged.

98. Plaintiff and the Ohio Class Members are entitled to damages equal to all unpaid regular and overtime compensation earned within the six (6) years preceding the filing of this Complaint plus periods of equitable tolling.

99. Plaintiff and the Ohio Class Members are entitled to an award of pre-judgment and post-judgment interest.

**VI. PRAYER FOR RELIEF**

Plaintiff respectfully prays for judgment against Defendant as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective and requiring Gulfport to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential FLSA Collective Members;

b. For an Order certifying the Ohio Acts Class and designating Plaintiff as Representative of the Ohio Acts Class;

  c. For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

  d. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

  e. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back minimum wages and overtime wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for attorneys' fees and costs;

  f. For an Order pursuant to the Ohio Wage Act awarding Plaintiff and the Ohio Class Members unpaid minimum wages and unpaid overtime wages allowed by law;

  g. For an Order against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to Plaintiff and the Ohio Acts Class Members during the applicable statutory period;

  h. For an Order awarding the costs and expenses of this action;

  i. For an Order awarding attorneys' fees;

  j. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

  k. For an Order awarding Plaintiff service awards as permitted by law;

  l. For an Order compelling the accounting of the books and records of Defendant, at Defendant's own expense;

m. For an Order providing for injunctive relief prohibiting Defendant from engaging in future violations of the FLSA, the Ohio Acts, and requiring Defendant to comply with such laws going forward; and

n. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1550 Old Henderson Rd.
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorney for Named Plaintiff and those similarly situated*

## JURY DEMAND

Plaintiffs request a trial by a jury of twelve (12) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman