**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BYRON JOHNSON, et al.,**

    **Plaintiffs,**

  v.                                         **Civil Action 2:20-cv-2049
Judge Sarah D. Morrison
Magistrate Judge Jolson**

**GULFPORT ENERGY CORPORATION,
et al.,**

    **Defendants.**

**BRYON LEFORT,**

    **Plaintiff,**

  v.                                         **Civil Action 2:20-cv-1792
Judge Sarah D. Morrison
Magistrate Judge Jolson**

**GULFPORT ENERGY CORPORATION,**

    **Defendant.**

## OPINION AND ORDER

The above-captioned matters are before the Court on Defendant Gulfport's Motion to Stay (2:20-cv-1792 (Doc. 21)) and Motion to Bifurcate Discovery (2:20-cv-2049 (Doc. 19)). For the reasons that follow, Gulfport's Motion to Stay (2:20-cv-1792 (Doc. 21)) is **GRANTED in part** and **DENIED in part**. Specifically, its request to stay discovery pending the Court's ruling on Plaintiff's Motion for Conditional Certification is **DENIED**. But its request for an additional 28 days to respond to Plaintiff's Motion is **GRANTED**, and Gulfport may have 28 days from the date of this Opinion and Order to respond to Plaintiff's Motion for Conditional Certification. Gulfport's Motion to Bifurcate Discovery (2:20-cv-2049 (Doc. 19)) is **DENIED**. The parties are **ORDERED** to meet and confer and submit a proposed scheduling order for the Court's review within ten (10) days of the date of this Opinion and Order.

**I.     BACKGROUND**

These related cases involve Defendant Gulfport Energy Corporation's ("Gulfport") alleged violation of the Fair Labor Standards Act ("FLSA") and Ohio employment law. (*See LeFort v. Gulfport Energy Corporation*, 2:20-cv-1792 (the "*LeFort* case"); *Johnson et al v. Gulfport Energy Corporation et al*, 2:20-cv-2049 (the "*Johnson* case")). In *LeFort*, Plaintiff seeks to certify a class of night oil field operators who allegedly worked for Gulfport more than 40 hours per week, and whom Gulfport purportedly misclassified as independent contractors and paid a daily rate with no overtime compensation, in violation of the FLSA and Ohio law. (*See generally LeFort* (Doc. 1)). In *Johnson*, three of the night operators who filed consents to join the putative collective action class in *LeFort*, allege that Gulfport, along with the contractor that assigned Plaintiffs to work at Gulfport, Defendant Platinum Energy Partners, LLC, ("Platinum"), retaliated against them in violation of the FLSA and Ohio law by terminating them after they joined the putative class. (*See generally Johnson* (Doc. 1)). Gulfport and Platinum deny they were joint employers and point their fingers at the other as Plaintiffs' employer. (Docs. 14, 18, 20). Both have filed cross claims against each other. (*See id.*).[1]

Gulfport's request in these two cases is essentially the same: to engage in limited discovery on only the question of which entity employed Plaintiffs. (*See generally Johnson* (Doc. 19); *LeFort* (Doc. 21)). But Gulfport seeks to use two mechanisms to achieve this singular goal. In *LeFort*, Gulfport asks the Court stay any ruling on Plaintiff's pending Motion for Conditional Certification until discovery resolves the "employer" question, or alternatively, grant it an additional 28 days from the date of this Opinion and Oder to respond to Plaintiff's Motion. (*See generally* Doc. 21). And, in *Johnson*, Gulfport seeks to bifurcate discovery into two phases—the

---

[1] Platinum is not a party in *LeFort*, but Gulfport indicates that it intends to file a third-party complaint against it, as well as three other contractors purportedly involved in this case. (*See* Doc. 24 at 2).

2

first, restricting discovery to only the "employer" question, and the second, opening discovery to the merits of Plaintiffs' retaliation claims. (*See generally* Doc. 19).

According to Gulfport, limited discovery in the first instance will streamline the cases and preserve judicial economy because only an "employer" as defined by the FLSA can be liable. (*See generally Johnson* (Doc. 19); *LeFort* (Doc. 21)). Plaintiff(s) in both cases oppose Gulfport's request and want the cases to proceed with full discovery and briefing on conditional certification. (*See generally Johnson* (Doc. 22); *LeFort* (Doc. (23)). The Motions are fully briefed and ripe for consideration.

## II. MOTION TO STAY (Doc. 21)

The Court turns first to Gulfport's Motion to Stay. (*LeFort* (Doc. 21)). As noted, Gulfport asks the Court to hold off ruling on Plaintiff's Motion for Conditional Certification (Doc. 16) so that the parties may engage in limited discovery as to whether Gulfport employed Plaintiff and the putative class members. (*See generally* Doc. 21).

### A. Standard

"In this district, conditional certification is regularly sought, and granted, prior to discovery." *Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-CV-1677, 2019 WL 5884353, at *5 (S.D. Ohio Nov. 12, 2019). This is so because "[t]raditionally, courts in the Sixth Circuit follow a two-stage certification process to determine whether a proposed group of plaintiffs is 'similarly situated' for the purposes of the statute's requirements." *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 823 (N.D. Ohio 2011). The first stage, known as the "notice" stage, "takes place at the beginning of discovery with a focus on determining whether there are plausible grounds for plaintiffs' claims." *Id*.

3

Importantly, courts have made clear that during the first phase, the conditional certification phase, "named plaintiffs need only make a 'modest factual showing' that they are similarly situated to proposed class members." *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016) (citing *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 764 (N.D. Ohio 2015)). And "[t]he Sixth Circuit has prescribed the first phase of the two-phase certification inquiry to take place '*at the beginning of discovery*.'" *Myers*, 201 F. Supp. 3d at 892–93 (emphasis in original) (quoting *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006)). Then, "[t]he second stage occurs after 'all of the opt-in forms have been received and discovery has concluded.'" *Creely*, 789 F. Supp. 2d at 823 (quoting *Comer*, 454 F.3d at 546). At this stage, following the close of discovery, the Court has more information and is able to "examine more closely the question of whether particular members of the class, are, in fact, similarly situated." *Comer*, 454 F.3d at 547.

**B. Discussion**

Gulfport contends that "conditional certification is premature in light of the disputed question of what entity or entities employed Plaintiff and the putative 'class.'" (Doc. 21 at 7). In Gulfport's view, a ruling on Plaintiff's Motion should not occur until after the Court determines which, if any, of the entities involved employed Plaintiff and the putative class members. (*See generally* Doc. 21). Further, it asserts, as a practical matter, that because it did not pay wages to LeFort or any of the workers who have consented to join, it "does not have payroll information, such as residential addresses, for the workers, and therefore would not be in a position to provide the class list that Plaintiff demands in his Motion[.]" (*Id*. at 9).

Gulfport's request to stay discovery is contrary to this Court's practice. As noted, "[i]n this district, conditional certification is regularly sought, and granted, prior to discovery." *Bailey*,

4

2019 WL 5884353, at *5. This Court's decision in *Bailey* is a good example. 2019 WL 5884353, at *5. There, the defendant, like Gulfport, wanted "to conduct discovery prior to certifying the collective requested by the plaintiff," asserting that "discovery will demonstrate that the putative collective members are independent contractors to whom the wage and hour requirements in the [FLSA] do not apply . . ." *Id*. at *3. The Court denied that request. *Id*. at *5. And it relied on this Court's precedent that courts routinely consider and grant motions for conditional certification before discovery begins. *Id*. at *5. Importantly, it found that the defendant's concern that the putative class members were independent contractors and not employees went to the "merits" of the case, and should therefore, be reserved for another day. *Id*.

So too here. True, "allowing discovery would presumably always lead to more informed briefing in FLSA actions, yet district courts traditionally conduct a two-phase inquiry, with the first phase taking place prior to discovery." *Steffen v. Contract Swepers & Equip. Co.*, No. 2:17-CV-579, 2017 WL 5054569, at *2 (S.D. Ohio Oct. 18, 2017); *see also Headspeth v. TPUSA, Inc.*, No. 2:19-CV-2062, 2019 WL 5059993, at *3 (S.D. Ohio Oct. 9, 2019) (denying defendant's motion for limited, pre-conditional discovery for the same reason).

Gulfport responds that this situation is unique. For support it relies on an outlier order from the Eastern District of Tennessee that permitted pre-conditional certification discovery on whether the defendants were joint employers. (Doc. 21-1). But that two-page order, following an in-person hearing on the matter, goes against the weight of case law and provides no analysis explaining the departure. Therefore, it is of little help to Gulfport here. Gulfport also attempts to factually distinguish this case from other relevant authority. For example, it contends that "[u]nlike the defendant in *Bailey*, Gulfport intends to file third-party complaints against up to four other entities, . . . all of whom may have an interest in whether conditional certification is ordered in this case

5

and, if it is, the terms of any Notice to the putative class." (Doc. 24 at 2). So "after Gulfport serves the Contractors with third-party complaints, the Court would ultimately need to determine the identities of the parties against whom Plaintiff and the putative class may pursue their claims." (*Id*. at 3).

That may be true. But given the lenient standard applied to motions for conditional certification, defendants often raise similar issues in motions to decertify after the completion of discovery. *See Myers*, 201 F. Supp. 3d 884 at 890 (quoting *Comer*, 454 F.3d at 547) (noting that, at the second stage, "conducted after the conclusion of discovery," courts examine the merits of certification because "the court has much more information" and can, therefore, "'employ[] a stricter standard'"); *see also Hawkins v. Extended Life HomeCare Ltd.*, No. 2:18-CV-344, 2019 WL 952737, at *1 (S.D. Ohio Feb. 27, 2019) ("The question of whether [plaintiff] and others putatively similarly situated were contractors or employees is not a threshold question for conditional certification.") (citing *Coats v. Nashville Limo Bus, LLC*, No. 3-10-0759, 2011 WL 308403, at *2 (M.D. Tenn. Jan. 27, 2011) ("Here, Plaintiffs have alleged that Defendants improperly classify all their drivers as independent contractors, for whom 1099 tax forms are given, rather than as employees. Plaintiffs contend that Defendants fail to pay these drivers appropriate taxes, wages and overtime. The Court finds that Plaintiffs have sufficiently alleged that they and the potential class members were subject to a common policy or plan that violated the law.")); *Stanley v. Turner Oil & Gas Props, Inc.*, No. 2:16-CV-386, 2017 WL 127481, at *6 (S.D. Ohio Jan. 13, 2017) (quotation marks and citation omitted) (granting conditional certification where plaintiffs "allege they should have been classified as employees not independent contractors" and holding that, at the conditional certification stage, "the Court does not resolve

6

factual disputes, make credibility determinations, or decide substantive issues"). Gulfport has not shown that the Court should deviate from this general rule here.

Gulfport has, however, set forth good cause justifying its alternative request for an additional 28 days to respond to Plaintiffs' Motion. Gulfport states that it does not have the information it needs to provide a class list to Plaintiff but intends to file third-party complaints against other potentially liable contractors. Over the next weeks, Gulfport should file those complaints and work with the other entities, including Platinum, which is a Defendant in *Johnson*, to determine the identities of the putative class.

### C. Conclusion

For the reasons set forth above, Gulfport's Motion to Stay is **GRANTED in part and DENIED in part**. Specifically, its request to stay a ruling on Plaintiff's Motion for Conditional Certification is **DENIED**, but its alternative request, that it have an additional 28 days from the date of this Opinion and Order to respond to Plaintiff's Motion for Conditional Certification, is **GRANTED**. Accordingly, Gulfport may have 28 days from the date of this Opinion and Order to respond to Plaintiff's Motion.

### III. MOTION TO BIFURCATE DISCOVERY (Doc. 19)

In *Johnson*, Gulfport seeks to bifurcate discovery into two phases. (*See generally* Doc. 19). Specifically, it proposes that "[t]he initial phase of discovery should target the question of what entity or entities employed the Plaintiffs." (*Id*. at 1). Then, after the Court "determine[s] that threshold issue," the parties may proceed with "discovery as to the merits of Plaintiffs' claims." (*Id*.). Such an approach, says Gulfport, promotes "judicial economy." (*Id*.).

### A. Standard

"'Matters of discovery are in the sound discretion of the trial court.'" *McCluskey v. Belford High Sch.*, No. 09-CV-14345, 2011 WL 13225278, at *3 (E.D. Mich. Mar. 10, 2011) (quoting *Trepel v. Roadway Exp., Inc.*, 194 F.3d 708, 716 (6th Cir. 1999)). In considering whether to bifurcate discovery, the Court considers "the benefits and detriments to each party's interest," as well as "the Court's interest in reaching a just, speedy and efficient resolution of the issues raised by the pleadings." *Woods v. State Farm Fire & Casu. Co.*, No. 2:09-CV-482, 2010 WL 1032018, at *3 (S.D. Ohio Mar. 16, 2010). "Although not routine," courts bifurcate discovery "if it serves judicial economy and does not unfairly prejudice any party." *Galloway v. Nationwide Mut. Fire Ins. Co.*, No. 3:09-CV-491-JDM, 2010 WL 3927815, at *1 (W.D. Ky. Oct. 5, 2010) (citing *Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1153 (6th Cir. 1988)).

### B. Discussion

Gulfport insists that bifurcating discovery will promote judicial economy because Plaintiffs' FLSA claims may proceed against only the entity that employed Plaintiffs. (*See generally* Doc. 19). But, according to Plaintiffs, "the issue of whether Gulfport and/or Platinum qualify as employers individually or jointly under the FLSA is inextricably intertwined with whether Gulfport and/or Platinum retaliated against Plaintiffs." (Doc. 22 at 4). Plaintiffs note, for example, that "the discovery that Gulfport seeks to keep from [them] is closely relevant and necessary for the purposes of demonstrating that Gulfport was an employer under the FLSA." (*Id*. at 5). And, "[i]f the Court were to grant Gulfport's Motion to Bifurcate Discovery, it would cause judicial inefficiencies as Plaintiffs will seek the information Gulfport wants to conceal in its discovery related to Gulfport's role as Plaintiffs' employer." (*Id*.). So, say Plaintiffs, bifurcation will make discovery more cumbersome—not more efficient as Gulfport argues.

Plaintiffs' argument is persuasive. As is often the case, issues surrounding class certification, like the "employer/contractor" question in this case, are not neatly severable from issues on the merits. And, as explained above in Section II, whether Defendants Gulfport or Platinum were employers under the FLSA, is a fact-specific merits question. It follows that there will be overlapping discovery between Plaintiffs' retaliation claims and the question of which Defendant employed Plaintiffs. For example, as part of their retaliation claim, Plaintiffs seek "[d]iscovery related to the terms and conditions of Plaintiffs' employment and the abrupt termination of such lengthy employment." (Doc. 22 at 4). But whether an entity can terminate an individual is also highly relevant to whether they were an employer as defined by the FLSA. (*See id.* (citing *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 815 (6th Cir. 2015))). Accordingly, discovery surrounding Plaintiffs' termination is central to the "employer/contractor" question, as well as to the merits of Plaintiffs' retaliation claims.

Given this, bifurcating discovery would not streamline the case or promote judicial efficiency. Rather, as Plaintiffs preview, it would likely "caus[e] a new source of contention between the parties . . . about whether information requested during discovery goes to the merits of the class issue." *Back v. Chesapeake Operating, LLC*, No. CV 7:16-192-KKC, 2020 WL 2537479, at *5 (E.D. Ky. May 19, 2020). Indeed, the parties' briefing provides a glimpse into how these disputes would unfold. (*Compare* Doc. 22 at 4 (asserting that discovery on Plaintiffs' termination implicates both class and merits discovery) *with* Doc. 23 (asserting that discovery on Plaintiffs' termination can be resolved early and separate from merits discovery)).

"Resolving these disputes will take time and other resources of the parties of the Court." *Back*, 2020 WL 2537479, at *5. This is especially true where, as here, "there appears to be a considerable overlap between" the two issues. *Id.* (denying motion to bifurcate to avoid spurring

9

a "spate of disputes about whether information requested during discovery goes to the merits or the class issue"); *see also Shah v. Metro. Life Ins. Co.*, No. 2:16-CV-1124, 2017 WL 4772870, at *3 (S.D. Ohio Oct. 19, 2017) (holding that bifurcation would not promote judicial economy as discovery would overlap); *McCluskey*, 2011 WL 13225278, at *3 (finding that bifurcating discovery would "likely lead to disputes over what is 'merit' discovery as opposed to 'class' discovery, resulting in needless motion practice" and noting that "the discovery relative to class issues and merits discovery will significantly overlap, thereby creating inefficiencies were the Court to bifurcate discovery").

In sum, Gulfport has not shown that bifurcating discovery will lead to judicial efficiencies. Instead, the Court finds that it would have the opposite result.

### C. Conclusion

For the foregoing reasons, Gulfport's Motion to Bifurcate Discovery (2:20-cv-2049 (Doc. 19)) is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, Gulfport's Motion to Stay (2:20-cv-1792 (Doc. 21)) is **GRANTED in part** and **DENIED in part**. Specifically, its request to stay discovery pending the Court's ruling on Plaintiff's Motion for Conditional Certification is **DENIED**. But its request for an additional 28 days to respond to Plaintiff's Motion is **GRANTED**, and Gulfport may have 28 days from the date of this Opinion and Order to respond to Plaintiff's Motion for Conditional Certification. Gulfport's Motion to Bifurcate Discovery (2:20-cv-2049 (Doc. 19)) is **DENIED**. The parties are **ORDERED** to meet and confer and submit a proposed scheduling order for the Court's review within ten (10) days of the date of this Opinion and Order.

IT IS SO ORDERED.

Date:   August 5, 2020                    <u>/s/ Kimberly A. Jolson</u>
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE